Mr. Theodore C. Taub Temple Terrace City Attorney Post Office Box 3310 Tampa, Florida 33601-3310
Dear Mr. Taub:
On behalf of the City of Temple Terrace, you ask substantially the following question:
Are city employees who, as members of the city's full-time construction crew, are working on a city project to relocate water lines in the yards of private residences and to reconnect such residences to the city's new water service, exempt from the construction contracting requirement of Part I, Chapter 489, Florida Statutes?
In sum:
City employees who, as members of the city's full-time construction crew, work on a city project to relocate water lines in the yards of private residences and to reconnect such residences to the city's new water service, are exempt from the construction contracting requirement of Part I, Chapter 489, Florida Statutes.
You state that the City of Temple Terrace is upgrading its domestic water flows for consumption and fire purposes in several of the city's older neighborhoods. Part of the project includes relocating main service lines from the rear to front yards of private residences and reconnecting such residences to the city's new water service. The city has determined that the work will be done at the city's expense and intends to use its full-time construction crew to perform the project. According to your letter, all work is designed and inspected by the city engineer and the city's plumbing inspector and adheres to all applicable codes. A question has been raised, however, as to whether such work may only be performed by state-licensed plumbing contractors or whether the city's own construction crew may perform the work.
Part I of Chapter 489, Florida Statutes, regulates the construction industry by requiring that construction contractors be registered or certified by the Department of Business and Professional Regulation as a prerequisite to practicing in Florida.[1] Certified contractors must establish their competency and other qualifications for certification and may engage in contracting in any area of the state.[2] In contrast to certification, registration allows the registrant to engage in contracting only in the counties, municipalities, or development districts where he or she has complied with the local licensing requirements and only for the type of work covered by the registration.[3]
Section 489.103, Florida Statutes, provides exemptions from the provisions of Part I of Chapter 489, Florida Statutes. Subsection (3) of the statute provides that the act does not apply to:
An authorized employee of the United States, this state, or any municipality, county, irrigation district, reclamation district, or any other municipal or political subdivision, except school boards, the Board of Regents, and community colleges, unless for the purpose of performing routine maintenance or repair or construction not exceeding $200,000 to existing installations, if the employee does not hold himself out for hire or otherwise engage in contracting except in accordance with his employment. If the construction, remodeling, or improvement exceeds $200,000, school boards, the Board of Regents, and community colleges, shall not divide the project into separate components for the purpose of evading this section.
While the above provision limits the exemption for school boards, the Board of Regents and community colleges to instances where those entities are performing routine maintenance or repair or construction not exceeding $200,000, such limitations are not applicable to municipal employees who are performing contracting services in accordance with their employment with the municipality.[4] The statute only requires that the municipal employee not hold himself or herself out for hire and that the employee act in accordance with his or her employment with the city.
Both conditions appear to be met in the instant inquiry. While the work may take place on private property, the project is a city project funded by city funds. The municipal employees performing the work are doing so as part of the municipality's full-time construction crew and are operating within the scope of their employment.
Accordingly, I am of the opinion that city employees who are members of the city's full-time construction crew and work on a city project to relocate water lines in the yards of private residences and reconnecting such residences to the city's new water service, are exempt from the construction contracting requirement of Part I, Chapter 489, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Sections 489.113 and 489.115, Fla. Stat. And see, s.489.105(3)(m), Fla. Stat., defining "[p]lumbing contractor."
[2] See, s. 489.113 (1) and (4), Fla. Stat. And see, s.489.105(8), Fla. Stat., defining a "[c]ertified contractor" to mean "any contractor who possesses a certificate of competency issued by the department and who shall be allowed to contract in any jurisdiction in the state without being required to fulfill the competency requirements of that jurisdiction."
[3] Section 489.117(2), Fla. Stat. And see, s. 489.105(10), Fla. Stat., defining a "[r]egistered contractor" to mean "any contractor who has registered with the department pursuant to fulfilling the competency requirements in the jurisdiction for which the registration is issued. Registered contractors may contract only in such jurisdictions."
[4] See, s. 7, Ch. 92-55, Laws of Florida, which added the second sentence to s. 489.103(3) and the language "except school boards, the Board of Regents, and community colleges, unless for the purpose of performing routine maintenance or repair or construction not exceeding $200,000 to existing installations" to the first sentence. And see, the title to Ch. 92-55 stating that it is an act that, among other things, eliminates "from provisions of law regulating construction contracting and electrical and alarm system contracting an exemption for certain authorized employees of school boards, the Board of Regents, and community colleges." See also, s. 11, Ch. 79-200, Laws of Florida, which created s. 489.103 and provided in subsection (3) that the act did not apply to "[a]n authorized employee of the United States, this state, or any municipality, county, or other political subdivision, if the employee does not hold himself out for hire or otherwise engage in contracting except in accordance with his employment."